UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21037-CIV-MARTINEZ/MCALILEY

ANTHONY GHAFFARI,

    Plaintiff,

v.

COLLINS TOWER ASSOCIATION,
ALBERTO ARMADA, GEORGINA
LAZO, RONALD RUTNIK,
OSMANI GONZALEZ, and
DAVID ABRAMS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Defendants' Motion to Dismiss [DE 9], referred to me by the Honorable Jose E. Martinez.[1] [DE 7]. For the reasons set forth below, I recommend that the motion to dismiss be denied.

**I.**   **Background**

On March 22, 2013, Plaintiff, who is proceeding *pro se*, filed a five-count Complaint against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, *et seq.* [DE 1]. According to the Complaint, the Defendants violated the FDCPA in various ways in connection with their collection of condominium association fees for a

---

[1] Plaintiff has filed a response [DE 11]; Defendant has not filed a reply, and the deadline for doing so has passed.

condominium unit located on Miami Beach, Florida. Plaintiff alleges he is the owner of the unit. [DE 1, ¶ 13]. As relief, he requests actual, compensatory, and statutory damages, as well as injunctive relief. [*Id.*, p. 16].

Defendants move to dismiss the Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(1)[2] because the Court lacks subject matter jurisdiction, and Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state a claim. [DE 9, ¶¶ 1-2]. Defendants' motion should be denied.

## II.   Legal standard

### A.   Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) may "assert either a factual attack or a facial attack to jurisdiction." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated in part on other grounds by Mohamad v. Palestinian Auth.*, 132 S.Ct. 1702 (2012). In a facial attack – an attack on the sufficiency of the subject matter jurisdiction allegations in the Complaint – the Court reviews the allegations as "it does when considering a Rule 12(b)(6) motion," construing the complaint "in the light most favorable to the plaintiff and accept[ing] all well-pled facts alleged in the complaint as true." *Id.* A factual attack, on the other hand, is an attack challenging "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . .'" *Id.* (citation omitted). Here, the Defendants make a facial attack upon the Complaint's allegations regarding subject matter jurisdiction.

---

[2] Although Defendants do not explicitly cite Rule 12(b)(1), it is clear that this is the operative rule.

2

### B. Rule 12(b)(6)

In reviewing a motion to dismiss, the court must accept as true "well-pleaded facts and reasonable inferences drawn from those facts. Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymyple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citations omitted); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983) (court must assume the facts alleged are true and cast them in the light most favorable to the plaintiff).

To survive a motion to dismiss, a plaintiff must plead enough facts to state a claim that is plausible on its face, and that raises the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-7 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). This standard requires the pleader to do more than recite elements of a cause of action or state legal conclusions. *Twombly,* 550 U.S. at 555; *Sarver v. Jackson,* 344 Fed.Appx. 526, 527 n.2 (11th Cir. 2009) (court may dismiss complaint "if it rests only on conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts.") (citation omitted).

### III. Analysis

Defendants first argue that the Court lacks subject matter jurisdiction "because the amount in controversy is below the requisite minimum." [DE 9, ¶ 2]. Plaintiff does not

invoke diversity jurisdiction under 28 U.S.C. § 1332 as a basis for the Court's jurisdiction, and thus does not need to allege the $75,000 amount in controversy requirement of diversity jurisdiction. [DE 1, ¶ 14].[3] Accordingly, Defendants fail to state a reason to dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1).

Next, Defendants argue that Plaintiff has failed to state a claim. Their entirely conclusory argument, stated in less than two (2) pages, lacks any substance. First, they state "Plaintiff offers no relevant facts against any of the defendants," but do not point to a single paragraph or page in the Complaint to support or explain this argument. [DE 9, p. 2].

Next, Defendants offer the conclusion that Plaintiff's "remaining causes of action are without merit as a matter of law." [*Id.*, p. 2]. Again, they provide no explanation, nor any law in support, nor do they indicate how each cause of action lacks merit.[4] In fact, the only legal authority they state is a reference to Rule 12(b)(6) and *Bell Atlantic v. Twombly, supra*. There is zero analysis of the pleading requirements for claims brought under the FDCPA. [*Id.*, pp. 2-3]. Defendants have failed to present any meaningful argument to support dismissal under Rule 12(b)(6).

---

[3] Plaintiff invokes jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1337 (commerce and antitrust regulations). Defendants do not challenge the Court's jurisdiction under any of these statutes.

[4] Defendants complain that Plaintiff filed this lawsuit "solely to abuse and intimidate the defendants and a retaliation for the Board's attempt to collect the condominium maintenance fees and assessments." [*Id.*]. Broad assertions such as these are inappropriate in a motion to dismiss, and do not substitute for an analysis of the pleading requirements of the FDCPA, and the application of those requirements to the specific allegations in the Complaint.

4

Defendants raise a final argument -- that Plaintiff has not plead sufficient facts to show that he is the legal owner of the condominium unit at issue. [DE 9, p. 2]. The Complaint explicitly alleges "Plaintiff is the owner of a Condominium Unit at 720 Collins Avenue, Miami Beach, Florida . . . by death of his grandmother. Probate administration of the estate is in process." [DE 1, ¶ 13]. Defendants have not shown why this requires dismissal of the Complaint.

### IV. Recommendation

Based on the foregoing, I respectfully **RECOMMEND** that Defendants' Motion to Dismiss [DE 9], be **DENIED**.

### V. Objections

Pursuant to Magistrate Judge Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Jose E. Martinez **within 14 days of the date of this Report and Recommendation**. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir.1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida, this 19th day of July, 2013.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

The Honorable Jose E. Martinez

All counsel of record

Anthony Ghaffari
1317 Sandpiper Drive
State College, PA 16801-7714