FILED by ___ D.C

MAY 19 2014

STEVEN M. LARIMORE
CLERK U. S. DIST CT
S. D. of FLA. – MIAMI

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ANTHONY GHAFFARI,              )
      Plaintiff, Pro Se        )
      vs.                     )        CASE NO. 13-21037-CIV-MCALILEY
                              )
COLLINS TOWER ASSOCIATION, et. al )
      Defendants               )
_____ )

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF DAMAGES

Plaintiff, Anthony Ghaffari, Pro Se, files with this honorable Court this brief in support of his requested damages as permitted by section 813 of the Fair Debt Collection Practices Act (FDCPA) or other appropriate statue.

During the April 23, 2014 pretrial conference [DE 80] some issues remained outstanding. The Plaintiff is hoping to clarify some of those issues in this memorandum.

Additionally, some items below such as airfare, mediation and PACER would normally be wrapped into "Attorney's fees". Since the Plaintiff is not an Attorney, he is not entitled to attorneys fees. These costs do however fit into actual damages.

The attached memorandum of law addresses some items the Court brought up during the pretrial conference.

### Introduction

1.      As a result of the default against Defendant Abrams, the well-pleaded facts in the complaint should be deemed as admitted and true *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The Complaint [DE 1] is hereby incorporated by reference.

2.      Plaintiff initiated the instant action [DE 1] against several Defendants on March 22, 2013 for the reasons stated in the complaint. Subsequently, in an unprecedented defiance of Federal (FDCPA) and State (FCCPA) statues, Defendants repeatedly violated multiple additional provisions of these statues, including the filing a foreclosure action in Florida State Court against the Plaintiff. Despite the Defendants repeated pleading and assertions [DE 9 at Page 2, DE 10 at

page 2, DE 15 at ¶ 4]  that the Plaintiff does not legally own the property from which this and the foreclosure cause of action arise.

3.      Throughout this action, Defendants Counsel, Attorney Abrams has been evasive in that the Plaintiff has not been able to contact him sans a Court Order [DE 14]; refused to comply with Plaintiff's requests and has otherwise attempted to delay this matter while vigorously pursuing [DE 40, DE 55 and DE 80]the state foreclosure matter in order to use it as leverage against the Plaintiff and intimidate him into dismissing this matter. It should be noted, that the mediation process was very difficult and could have gone smoothly and quickly had Defendant Abrams complied with this Courts orders which required him to provide copies of this Courts Order Dated December 19, 2013 [DE 41] and the transcripts of the February 19, 2014  pre-trial conference [DE 56]. If the other Defendants had been aware of the actual status, the mediation would have been quickly expedited and avoided the thirty day delay plus filing additional motions and responses [DE 58, DE 62, DE 61, DE 60 and 65].

4.      Plaintiff expounds this argument in his notice to the court dated April 8, 2014 [DE 70] and incorporates it herein by reference.

5.      During a pretrial conference held on February 19, 2014 [DE 55] the Court issued a sanction against the Defendants in the form of a default. The Court also ordered the parties to mediation [DE56]. During the mediation, the Plaintiff settled with defendants COLLINS TOWER, ARMADA, LAZO, RUTNIK and GONZALES but no agreement was reached with Defendant ABRAMS [DE 76].

6.      During the mediation, the Plaintiff, in good faith and in an attempt to quickly resolve this matter proposed an extremely fair  settlement offer to Attorney Abrams which was not accepted.

7.        Defendant Abrams states in the Joint Pretrial Stipulation [DE 77] at ¶ 8 that "Plaintiff is only entitled to his damages as allowed by Statue". Plaintiff points out that §813 of the FDCPA or 15 U.S.C. 1692k explicitly states that (a)(1) actual damages, (a)(2) additional damages, and (3) costs of the action, together with a reasonable attorney's fee are permitted and therefore are all statutory damages.

## Actual Damages

8.        15 U.S.C. 1692 (k)(a)(1) states that "(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of -- any **actual damage** sustained by such person as a result of such failure;"

9.        Plaintiff in the prayer portion of the complaint stated in parentheses as an approximation that he seeks the amount of  $2,000 in actual damages and $4,500 in compensatory damages. The Court should note that the words "actual" and "compensatory" have the same definition and according to Black's Law Dictionary: " Money awarded to compensate for actual losses (also called "compensatory damages").  The amount awarded is based on the proven harm, loss, or injury suffered by the plaintiff." Additionally, See Birdsall v. Coolidge, 93 U.S. 64, 64 (1876) for a Supreme Court decision confirming that actual and compensatory damages mean the same thing.

10.        The plaintiff seeks a total of $19,340.31 plus an amount to be determined by the Court in damages under 15 U.S.C. 1692 (k)(a)(1) broken down as follows:

11.        The Plaintiff seeks $3,200 which were paid to Defendant Abrams (DE 1 at  Exhibit "D") on or about February 26, 2013 by Collins Tower Association for prosecuting the Foreclosure

action against Mr. Ghaffari. Plaintiff will or has paid back this amount to Collins Tower Association in order to remove the lien and foreclosure which the instant matter stems from (see Exhibit "A").

12.     The Plaintiff seeks $627.32 for late fees on HOA dues, elevator assessment and special assessment principal balance of $7783.59 (see attachment "B"). Plaintiff will or has paid back this amount to Collins Tower Association in order to remove the lien and foreclosure Attorney Abrams filed which the instant matter stems from.

13.     The Plaintiff seeks $920 in airfare. The Plaintiff traveled to Miami, Florida from his home in State College, Pennsylvania twice. First, for the sole purpose to meet with the Defendants and consequently file the instant action. Later to attend mediation and the pre-trial conference. The two flights to Miami were necessary to comply with Court Orders and prosecute this matter and were $513 and $407 respectively (Exhibits "C" and "D").

14.     The Plaintiff seeks $875 for the cost of mediation. The Court ordered mediation on December 18, 2013 [DE 40 and 41]. The Plaintiff paid $875 ($1050 deposit minus $175 refund) (Exhibit "E").

15.     The Plaintiff seeks $103.90 for PACER charges. The Plaintiff residing in Pennsylvania was either receiving documents untimely or not at all. As a remedy, he subscribed to PACER and has paid $103.90 to view the necessary documents in this matter (Exhibit "F").

16.     The Plaintiff seeks a total of $13,614 (See Plaintiff's Affidavit) for lost wages broken down as follows:

          a.  $7088 is twice the amount received by Plaintiff for the one month period from January 1, 2014 thru January 31, 2014 from his photography business (see Plaintiff's affidavit) . The Court should note that this matter required Plaintiff to

be in Miami for TWO months from January 29, 2014 until March 28, 2014. The extended stay was required to accommodate Defendants rescheduling of final mediation. Had the Plaintiff not had to travel to Miami, Florida from his home in State College, Pennsylvania, he would have earned approximately $7,000 during that period.

b. $6526.09 (see Plaintiff's Affidavit) is the loss of revenue in 2013 over the 2012 gross income from his online antique print business.

17.     The Plaintiff also seeks additional unspecified damages for emotional distress. In addition to the following narrative, Plaintiff's affidavit, and seven declarations pursuant to 28 U.S.C. Section 1746 are provided in support of this just and proper request.

18.     From the onset, this matter could have been quickly resolved with cooperation from the Defendants. It may be evident from the record that at every turn, the Plaintiff has had to fight for cooperation from the Defendants. Simple issues such as initial disclosures, discovery requests and joint stipulations that should be automatic in an action of this type required intervention from the Court [DE 14, 33, 22, 41, 48].

19.     The Plaintiff has spent hundreds of hours researching, writing and prosecuting this action and a large portion of that time was trying to get the Defendants to comply with legitimate requests. This time could have been spent by the Defendant marketing his business or spending time with family.

20.     The dissemination of false debt collection information and subsequent filing of a lien and foreclosure against the Plaintiff created a demoralizing and humiliating situation for the Plaintiff. Other unit owners whom knew the Plaintiff's Grandmother and were happy to see the Plaintiff

renovating the condominium became distant and started to question the Plaintiff about the foreclosure.

21.      The Plaintiff took three separate trips to Miami, Florida from State College, Pennsylvania for the sole purpose of either resolving the issues or later prosecuting this action. The third trip during February and March of 2014 had to be re-ticketed at an additional cost because defendant Abrams attempted to change the date of the mediation at the last minute. The Court ORDERED mediation [DE 41] to take place on January 29, 2014. The mediator, Judge Bandstra was not available on January 29, 2014 but could accommodate the parties on January 30, 2014. The Plaintiff communicated this to Attorney Abrams on December 26th, 2013 as did Judge Bandstra's Case Manager Lisa Balkin on December 30th and the Plaintiff filed a motion with this Court to approve the date change. Confirmation letters were sent to all parties by JAMS stating that mediation was set for January, 30, 2014. At the last minute, on January, 22, 2014 Attorney Abrams attempted to change the date of mediation knowing Plaintiff Ghaffari was arriving in Miami, Florida the evening of January 29, 2014, too late to attend the mediation on the new date. As a result, the Plaintiff changed his flight itinerary for an additional fee. This was intentional and as a result, the Plaintiff had a hire a driver to take him to the airport because he was working on a 3 hour photo shoot that morning and had to race to the airport to get on the plane. As a result, the Plaintiff suffered from anxiety and an upset stomach that day and had difficulty sleeping the next couple of days.

22.      During the February 19, 2014 pretrial conference [DE 55] the Court ORDERED mediation. This second mediation was scheduled for March 14, 2014 and then also rescheduled for March 28, 2014 in an ongoing effort to disrupt the Plaintiff's travel and increase his travel

costs. This constant rescheduling required the Plaintiff to remain in Miami, Florida for a period of two months.

23.       The Plaintiff had stated in open Court during a pretrial conference on February 19, 2014 [DE 55 and 71] that he was very happy to be able to return home to State College, PA in order to participate in his only granddaughters 1st birthday party. Unfortunately, due to the constant rescheduling, the Plaintiff was unable to attend the birthday party.

24.       Several threats were made to the Plaintiff by Defendant Abrams [DE 70] which caused great anguish as the treats were more things for the Plaintiff to worry about and at the time there appeared to be no recourse.

25.       The above and the record, together with the Plaintiff's status reports [DE 40, 52 and (70 permitted under Fed. R. Civ. P. 408(b))] are just a snippet of the intentional deliberate and willful actions performed in bad faith and a lack of ethics and professionalism the Plaintiff has had to contend with

26.       Although very little attention has been given to the state foreclosure matter, it is an important aggravating factor as it identifies the persistence of noncompliance and the extent to which such noncompliance was intentional because it was filed AFTER THIS ACTION WAS FILED.

27.       The manner in which Attorney Abrams has handled the instant action and the foreclosure matter in State Court has put a huge amount of pressure and stress upon the Plaintiff. Mr. Ghaffari has suffered from ongoing stomach problems, back pain and insomnia due to excessive worrying.  His relationship with his daughters has suffered, the business which he is a sole-proprietor and only employee has suffered financial losses and his general demeanor has gone from an outgoing and jovial person to withdrawn.

## Statutory or Additional Damages

28.          15 U.S.C. 1692 (k)(a)(2)(A) states that "in the case of any action by an individual, such

**additional damages** as the court may allow, but not exceeding $1,000".

29.          There are six counts against the Defendant in this matter and therefore the maximum

statutory damages the Court may impose is $6,000.

30.          The court must take into consideration the following factors when assessing the debt

collector's statutory liability under this section: (1) the frequency and persistence of

noncompliance; (2) the nature of the noncompliance; and (3) the extent to which the

noncompliance was intentional (See 15 U.S.C. § 1692k(b)(1) (2006) [§ 813(b)(1)]; *Teng v.*

*Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 70 (E.D.N.Y. 1994); *Weiss v. Zwicker &*

*Associates, P.C.*, 664 F. Supp. 2d 214, 218 (E.D.N.Y. 2009)).Proof of actual injury is not

required for damages under § 813(a)(2)(A) See *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86

(2d Cir. 1998); *Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 210

(E.D.N.Y. 2009); *Richard v. Oak Tree Group Inc.*, No. 1:06-CV-362, 2008 WL 5060319, at *7

(W.D. Mich. Nov. 21, 2008).

31.          Frequency and Persistence are clearly identified in the complaint. Additionally, as stated

previously, the Defendant persisted to violate the FDCPA on numerous occasions after being

notified of the instant action. For example, he filed a foreclosure against the Plaintiff on May 6,

2013. In that case the Defendant attached a notice to the State Foreclosure to appear to be in

compliance with the FDCPA which was in fact ruled ineffective ) by the Florida Supreme Court

Florida in Martinez v. Law Offices of David J. Stern, 266 B.R. 523 (Bank. S.D. Fla. 2001.

32.      The nature of the non-compliance is broad. The Court can easily see that the most serious

possible non-compliance, filing a lien and foreclosure against the Plaintiff would leave no doubt

that the nature of non-compliance was of the highest order or most extreme possible.

33.      The extent to which non-compliance was intentional is well established in the complaint.

However, using the federal standard of the "least sophisticated debtor", the Court can easily

determine that by Defendant mailing numerous documents stating a debt is owed by the Plaintiff

to his neighbors and peers, mailing papers to the Plaintiff stating that  he cannot act a homeowner

in good standing unless he pays an unspecified amount to Defendant, filing liens and other legal

papers against the Plaintiff which was not even the owner of record of the property, ignoring

Court orders to prejudice the Plaintiff and threatening the Plaintiff on more than one occasion

these acts were intentional and not unwitting or accidental.


    WHERFORE, the Plaintiff seeks $19340.31 in actual damages plus any amount this
Court may seem just and proper for emotional distress and statutory damages as provided by law.




                              Respectfully Submitted,



Date:_____           Anthony Ghaffari
                                _____
                                Plaintiff, Pro Se
                                1317 Sandpiper Drive, State College, PA 16801
                                814-571-4042
                                aghaffari@aol.com

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR DADE COUNTY, FLORIDA.

| CIVIL DIVISION | CIVIL ACTION SUMMONS<br>Personal Service on a Natural Person<br>(En Espanol al Dorso)　　(Francais Au Verso) | CASE NUMBER<br>*2013-16178*<br>*CA ( 01 )* |
|---|---|---|
| PLAINTIFF(S)<br>*Collins Towers Association* | VS. DEFENDANT(S)<br>*Estate of Yolanda Hillard;*<br>*Anthony Ghaffari, et. Al.* | CLOCK IN<br>*5/16/13  6:58*<br>*Am #374* |

To Defendant(s): *Anthony Ghaffari*　　Address: *720 Collins Ave. Unit 401*
*Miami Beach, FL 33139*

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Dade County Courthouse
Clerk of Courts
Room 138
73 West Flagler Street
Miami, Florida 33130

Additional Court locations are printed on the back of this form.

You must also mail or take a copy of your written responses to the "Plaintiff/Plaintiff's Attorney" named below.

| Plaintiff/Plaintiff Attorney<br>*David S. Abrams, Esq.*<br>*FBN 884405* | Address *9300 S.W. 87th Ave #5*<br>*Miami, FL 33176 (305) 598-1880* |
|---|---|

TO EACH SHERIFF OF THE STATE OF FLORIDA: You are commanded to serve this Summons and a copy of the Complaint of this lawsuit on the above named defendant.

| CLERK OF COURTS | SHARON MOORE<br>BY: _____<br>DEPUTY CLERK | Court<br>Seal | DATE<br>*MAY 1 4 2013* |
|---|---|---|---|

CLK/CT70 9/89  METRO-DADE/GSA MAT MGT

Exhibit "A"

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias contados a partir del recibo de esta notificacion para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuestas por escrito, incluyendo el numero de caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otro requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea reponder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal nombrado abajo, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff Attorney" (Demandante o Abogado del Demandante). Abogado: **DAVID S. ABRAMS, ESQ., Abrams & Abrams, P.A., 9300 S.W. 87th Avenue, Ste 5, Miami, FL 33176**

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salire, votre argent., et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous puvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff Attorney" (Plaignant ou a son avocat) nomme ci-dessous. Avocat: **DAVID S. ABRAMS, ESQ., Abrams & Abrams, P.A., 9300 S.W. 87th Avenue, Ste 5, Miami, FL 33176**

Your written response should be filed at:     **DADE COUNTY COURTHOUSE, CLERK OF COURTS, 73 WEST FLAGLER STREET, MIAMI, FLORIDA  33130**

### ADDITIONAL COURT FACILITY LOCATIONS

Joseph Caleb Center (20)
Room 205
5400 N. W. 22nd Avenue
Miami, Florida  33142

Coral Gables District Court (25)
2801 Salzedo Street
Coral Gables, Florida  33134

Hialeah District Court (21)
55 S. W. 4th Avenue
Hialeah, Florida  33010

South Dade Government Center(26)
10710 S. W. 211th Street
Miami, Florida  33189

North Dade Justice Center (23)
Room 100, 15555 Biscayne Blvd.
Miami, Florida  33161

Homestead District Court (27)
715 N. E. 1st Road
Homestead, Florida  33030

Miami Beach District Court (24)
1130 Washington Ave., Rm. 224
Miami Beach, FL  33139

Sweetwater Branch Office
500 S. W. 109th Avenue
Sweetwater, FL  33174

### AMERICANS WITH DISABILITIES ACT OF 1990

IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT THE MIAMI-DADE COUNTY COURT'S ADA COORDINATOR AT 175 N.W. 1st AVENUE, SUITE 2702, MIAMI, FLORIDA, 33128. TELEPHONE NUMBERS (305) 349-7175 FOR VOICE, (305) 349-7174 FOR TDD AND (305) 349-7355 FOR FAX, WITHIN TWO (2) WORKING DAYS OF YOUR RECEIPT OF THIS DOCUMENT. TDD USERS MAY ALSO CALL 711, FOR THE FLORIDA RELAY SERVICE.

**IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

COLLINS TOWERS ASSOCIATION.
    **Plaintiff,**

**GENERAL JURISDICTION DIVISION**

**CASE NO.: 2013-016198 CA (01)**

**vs.**

**ESTATE OF YOLANDA HILLIARD;
ANTHONY GHAFFARI; UNKNOWN
SPOUSE OF ANTHONY GHAFFARI;
UNKNOWN HEIRS, BENEFICIARIES,
DEVISES, ASSIGNEES, LIENORS,
CREDITORS, TRUSTEES, AND ALL
OTHER WHO MAY CLAIM AN INTEREST
IN THE ESTATE OF YOLANDA HILLIARD,
DECEASED; UNKNOWN TENANT;
UNKNOWN SPOUSE OFYOLANDA
HILLIARD, DECEASED,**
    **Defendants.**
_____/

## COMPLAINT TO FORECLOSE A LIEN AND FOR DAMAGES

Plaintiff sues the Defendant(s) and alleges:

1.    This is an action to foreclose a lien on real property located in Miami-Dade County, Florida.

2.    Plaintiff is a non-for profit Florida corporation that is responsible for the operation of a residential condominium known as Collins Towers.

3.    On or about July 28, 1987, Yolanda Hilliard became the record owner of the following described parcel, which is part of the condominium:

> Condominium Unit No. 401, of COLLINS TOWERS ASSOCIATION, according to the Declaration of Condominium thereof, as recorded in Official Records Book 7752, at Page 839, of the Public Records of Miami-Dade County, Florida, a/k/a apartment No. 401, 720 Collins Avenue, Miami Beach, Florida 33139.

4.    Upon becoming the owner of the above-described property, and pursuant to the provisions of the Declaration of Condominium, Yolanda Hilliard became a member of the Association and bound and obligated by the terms, provisions, covenants and restrictions of the Declaration.

5.     The Declaration provides that common expenses shall be shared and paid for by the members of the Association. The Association has assessed its members, including the deceased, periodic and special assessments to pay the common expenses, including (1) expenses of administration and management of the condominium property; (2) expenses of maintenance, operation, repair and replacement of common elements; (3) expenses declared common expenses by the provisions of the declaration or the by-laws, and for other expenses.

6.     The deceased and/or her Estate failed to pay various assessments when due. Pursuant to the rights granted to it by the Declaration, the relevant portions of which are attached hereto, on March 13, 2013, Plaintiff recorded a Claim of Lien upon the property of the Defendant. A copy of said lien is attached hereto. Pursuant to the provisions of Section 718.16(5), Fla. Stats. (1994), except as to first mortgage of record, and as provided in Section 718.116(1), "the lien is effective from and shall relate back to the recording of the original Declaration of Condominium..." which, in this case, was on May 21, 1971.

7.     More than 30 days prior to the filing the lien and more than 30 days prior to filing of this action, Plaintiff made written demands for payment in full as required by law, but payment in full has not been made.

8.     After applying all payments, and credits due, if any, and adding the monthly assessments that became due since the filing of the lien, there remains due and owing to the Plaintiff, as of March 12, 2013, the sum of $4,554.03, which includes $550.00 in unpaid attorney fees.

9.     The Declaration also provides that Plaintiff is also entitled to recover interest at the rate of 18% per annum from the date each payment was due and a late fee in the

amount of $25.00 if an assessment is not paid within 10 days of the due date.

10.     Plaintiff has retained Abrams & Abrams, P.A., as its attorney to represent it in this matter and agreed to pay a reasonable attorney's fee for its services herein. Defendants are obliged to pay Plaintiff's reasonable attorney fee pursuant to the provisions of the Declaration and Section 718.116, Fla. Stats.

11.     All conditions precedent to bringing this action has been performed or have occurred.

12.     The Notice that may be required under the Fair Debt Collections Practices Act is attached hereto

13.     Defendant Anthony Ghaffari, may claim an interest in the property by virtue of his being an heir to Yolanda Hilliard, but said interest, if any, is subordinate to the rights of Plaintiff.

14.     Unknown Spouse of Defendant Anthony Ghaffari, may claim an interest in the property by her marriage to him or otherwise, but her interest, if any, is inferior to the lien rights of the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court award the following relief:

a)   Ascertain the amount of money, which Plaintiff is entitled to recover, including interest, court costs, title search expenses, and attorney fees;

b)   Decree that Plaintiff shall have a lien upon the property of Defendant described herein for the sum of money found to be due, and that said lien is superior to the rights, title and interest of the Defendant and all persons claiming by, through, under or against said Defendant;

c)   Decree that said lien be foreclosed in accordance with the Declaration of

Condominium, Section 718.116 Fla. Stats., and the established rules of this Court, that upon failure of the Defendant to pay the amount found to be due, that said property be sold by the Clerk of the Court, and if the proceeds of sale are insufficient to pay Plaintiff's claim, enter a deficiency judgment;

e)  Enter such further orders that are just and proper, including, if necessary, a Writ of Possession.

### COUNT II

Plaintiff realleges Paragraphs 1 - 14 as though fully set forth herein.

15.    This is an action for damages for which this Court has jurisdiction ancillary to its jurisdiction over the cause of action in Count I.

16.    As the record owner of the subject property, the Estate of Yolanda Hilliard is liable for all assessments, late fees, interest, costs and reasonable attorney fees that come due or are charged to the condominium parcel during the time of their ownership of the property.

WHEREFORE, Plaintiff demands judgment for damages, plus interest, costs and attorney fees.

Dated: May 6 , 2013.

**ABRAMS & ABRAMS, P.A.**
9300 S.W. 87th Ave., Ste 5
Miami, Florida 33176
Telephone: (305) 598-1880
Facsimile: (305) 598-1881
Email: dabrams@abramslaw.cc

By: _____
DAVID S. ABRAMS, ESQ.
FBN: 0884405

## NOTICE REQUIRED BY THE
## FAIR DEBT COLLECTION PRACTICES ACT (THE ACT)
## 15 U.S.C., SECTION 1601, AS AMENDED

1.   This law firm may be deemed a "debt collector" under the Act.  Any information obtained may be used for the purpose of collecting a debt.

2.   The amount of debt stated because of interest, late charges, attorney fees, court costs and other charges that may vary from day to day, the amount due on the day that you pay will be greater.  Therefore, if you want to pay your account in full please call the undersigned attorney at (305) 598-1880 for a pay-off amount.

3.   The undersigned attorney represents the interests of the Creditor named herein.

4.   The debt described in the attached Notice and evidenced by the copy of the Claim of Lien attached thereto will be assumed to be valid by the creditor's law firm unless within 30 days after receipt of this notice, the debtor disputes in writing the validity of the debt or some portion thereof.  If the debtor notifies the creditor's law firm in writing within 30 days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain a verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

5.   If the Condominium Associates named herein is not the original creditor and if the debtor makes a written request to the creditor's law firm within 30 days from receipt of this notice, the address of the original creditor will be mailed to the debtor by the creditor's law firm.

6.   Written requests should be addressed to David S. Abrams, Esq., 9300 S.W. 87th Avenue, Suite 5, Miami, Florida 33176.

CFN 2013R0194792
OR Bk 28528 Pgs 1911 - 1912; (2pgs)
RECORDED 03/13/2013 12:45:00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

## CLAIM OF LIEN

Collins Towers Association, a
Condominium, pursuant to Florida
Statutes § 718 *et. seq.,* hereby
claims a lien upon the following
described property:

CONDOMINIUM UNIT NO. 401, OF
COLLINS TOWERS, A CONDOMINIUM,
ACCORDING TO THE DECLARATION
OF CONDOMINIUM THEREOF, AS
RECORDED IN OFFICIAL RECORDS
BOOK 7752, AT PAGE 830, OF THE
PUBLIC RECORDS OF MIAMI-DADE
COUNTY, FLORIDA.

Property address: 720 Collins Avenue, Unit 401,
Miami Beach, FL 33139.

The record owner(s) of this property is/are: Estate of Yolanda Hilliard.

The amounts claimed under this lien from July, 2012 through January 2013, are:>

Regular and Special Assessments,
Interest, Attorney Collection Fees
and Costs

TOTAL      $4,554.03

* In order to obtain a detailed itemization of the amounts set forth above, please contact
our office at (305)598-1880.

This lien also secures all maintenance, assessments and late fees together with interest
thereon at the rate of 18% per annum which accrue subsequent to, together with all other

reasonable attorney fees and costs incurred by this Claimant in connection with this lien and entitled to be collected by Claimant pursuant to Florida Statutes § 718 et. Seq. And the governing documents of the Association.

Dated: March 12, 2013

Collins Towers Association, a Condominium
c/o Abrams & Abrams, P.A.
9300 SW 87th Avenue, Suite 5
Miami, FL 33176

By:   David S. Abrams, Esq.
Authorized Agent for Claimant

Sworn to and subscribed before me the ___12th___ day of ___March___, 2013. Affiant is personally known to me or produced _____ as identification.

Signed _____Merle Sirju_____

Print Name ___Merle Sirju___

Notary Public, State of Florida
My Commission Expires: 3/6/2015

MERLE SIRJU
Notary Public - State of Florida
My Comm. Expires Mar 6, 2015
Commission # EE 65850
Bonded Through National Notary Assn.

**Subject:** Collins Towers unit 401
**From:** Georgina lazo <yoyi7@aol.com>
**Date:** 3/28/2014 12:30 PM
**To:** Tony Ghaffari <aghaffari@aol.com>

The breakdown of the back due payments is as follows:

HOA dues, elevator assessment and special assessment principal balance of $7783.59
plus $627.32 in late fees.

Gina

Sent from my iPad

Exhibit "B"



**UNITED** | A STAR ALLIANCE MEMBER ✦

Confirmation:
**AJ8HST**

<u>Check-In ></u>

Issue Date: January 19, 2013

| Traveler | eTicket Number | Frequent Flyer | Seats |
|---|---|---|---|
| GHAFFARI/ANTHONYHMR | 0162352804993 | UA-NFX9XXXX | BB/14A/10D/5D |

**FLIGHT INFORMATION**

| Day, Date | Flight | Class | Departure City and Time | Arrival City and Time | Aircraft | Meal |
|---|---|---|---|---|---|---|
| Sat, 26FEB13 | UA5017 | S | STATE COLLEGE, PA (SCE) 2:30 PM | WASHINGTON, DC (IAD - DULLES) 3:30 PM | Q200 | |

Flight operated by COMMUTAIR doing business as UNITED EXPRESS with turboprop equipment.

| Tue, 23MAR13 | UA3754 | S | MIAMI, FL (MIA) 9:00 AM | WASHINGTON, DC (IAD - DULLES) 11:32 AM | CRJ-700 | |

Flight operated by MESA AIRLINES doing business as UNITED EXPRESS.

**FARE INFORMATION**

**Fare Breakdown**

| | | Form of Payment |
|---|---|---|
| Airfare: | 437.21USD | VISA |
| U.S. Federal Transportation Tax: | 32.79 | Last Four Digits 1275 |
| U.S. Flight Segment Tax: | 15.60 | |
| September 11th Security Fee: | 10.00 | |
| U.S. Passenger Facility Charge: | 18.00 | |
| Per Person Total: | 513.60USD | |

**eTicket Total:** | 513.60USD

The airfare you paid on this itinerary totals: 437.21 USD

**The taxes, fees, and surcharges paid total: 76.39 USD**

Fare Rules:   Additional charges may apply for changes in addition to any fare rules listed.

NONREF/0VALUAFTDPT/CHGFEE
Cancel reservations before the scheduled departure time or TICKET HAS NO VALUE.

# Baggage allowance and charges for this itinerary.

**Baggage fees are per traveler**

| Origin and destination for checked baggage | 1ˢᵗ bag | 2ⁿᵈ bag | Max wt / dim per piece |
|---|---|---|---|
| 1/26/2013 State College, PA (SCE) to Miami, FL (MIA) | 25.00 USD | 35.00 USD | 50.0lbs (23.0kg) - 62.0in (157.0cm) |
| 3/12/2013 Miami, FL (MIA) to State College, PA (SCE) | 25.00 USD | 35.00 USD | 50.0lbs (23.0kg) - 62.0in (157.0cm) |

**Additional Baggage Information**

**Carry-on baggage information**

United accepts one carry-on item of no more than 45 linear inches or 114 linear centimeters in the aircraft cabin, along with one personal item (such as a shoulder or laptop bag).
Due to FAA regulations, operating carriers may have different carry-on requirements. Please check with the operating carrier for
more information or go to united.com.

**General Baggage Information**

First and second bag service charges do not apply to active-duty members of the U.S. military and their accompanying dependents. For additional information regarding baggage charges
allowances, weight/size restrictions, exceptions or embargoes, or charges for overweight, oversized, excess, odd-sized baggage, special items
or sporting equipment, visit united.com/baggage.

**IMPORTANT CONSUMER NOTICES**

● **Incorporated Terms** - Your travel is subject to United's Contract of Carriage terms. The Contract is available for inspection at any UA ticketing facility, united.com or by calling 1-800-UNITED-1. Passengers have the right
to receive the full text of the terms incorporated by reference free of charge by mail or other delivery service. The Contract terms include rules about limits on liability for personal injury or death and for loss, damage, or
delay of goods and baggage, check-in times, overbooking, security issues, reservations, denial of carriage, refunds, claims limits and restrictions, including time limitations for filing a claim or lawsuit, and schedule changes
and irregularities. The Contract of Carriage contains further detail of these matters.

● **Additional Terms** - Depending on the rules applicable to the fare paid, one or more restrictions including, but not limited to one or more of the following, may apply to your travel: (1) the ticket may not be refundable but
may be exchangeable for a fee with another restricted fare ticket meeting all the rules/restrictions of the original ticket (including the payment of any difference in fares); (2) a fee may apply for changing/canceling
reservations; or (3) travel may be restricted to specific flights and/or times and minimum and/or maximum stay may be required.

● **Baggage Liability** - On domestic flights, United's maximum liability for lost baggage is $3300 USD per passenger and United excludes liability for all unchecked baggage. For travel within the U.S., United excludes
liability for fragile, valuable or perishable items carried in all baggage including jewelry, computers, cash, camera equipment and similar valuables. If any of these items are lost, damaged or delayed, you will not be entitled
to any reimbursement. You can declare excess valuation on certain baggage at the airport, additional fees will apply.

● **ADVICE TO INTERNATIONAL PASSENGERS ON CARRIER LIABILITY** - Passengers on a journey involving an ultimate destination or stop in a country other than the country of departure are advised that international
treaties known as the Montreal Convention, or its predecessor, the Warsaw Convention, including its amendments, may apply to the entire journey, including any portion thereof within a country. For such passengers, the
treaty, including special contracts of carriage embodied in applicable tariffs, governs and may limit the liability of the Carrier in respect of death or injury to passengers, and for destruction or loss of, or damage to,
baggage, and for delay of passengers and baggage.

● **Notice—Overbooking of Flights** - Airline flights may be overbooked, and there is a slight chance that a seat will not be available on a flight for which a person has a confirmed reservation. If the flight is overbooked, no
one will be denied a seat until airline personnel first ask for volunteers willing to give up their reservation in exchange for compensation of the airline's choosing. If there are not enough volunteers, the airline will deny
boarding to other persons in accordance with its particular boarding priority. With few exceptions, including failure to comply with the carrier's check-in deadline which are available upon request from the air carrier, persons
denied boarding involuntarily are entitled to compensation. The complete rules for the payment of compensation and each airline's boarding priorities are available at all airport ticket counters and boarding locations. Some
airlines do not apply these consumer protections to travel from some foreign countries, although other consumer protections may be available. Check with your airline or your travel agent.

● **Personal Health** - For important health tips before your flight, including information on a serious condition called Deep Vein Thrombosis, please go to united.com.

**Thank you for choosing United Airlines**
united.com

Legal Notices  Privacy Policy
Copyright © 2013 United Air Lines, Inc. All rights reserved.
**Please do not reply to this message via the "reply" address.**
For assistance, please contact United Airlines via telephone or via e-mail.

Exhibit "C"

# UNITED  | A STAR ALLIANCE MEMBER ✦

**Confirmation:**

## L8EJRW

**Check-In >**

Issue Date: January 21, 2014

| Traveler | eTicket Number | Frequent Flyer | Seats |
|---|---|---|---|
| GHAFFARI/ANTHONYMR | 0162393845452 | UA-NFX9XXXX | ---/---/31D/21C |

**FLIGHT INFORMATION**

| Day, Date | Flight | Class | Departure City and Time | Arrival City and Time | Aircraft | Meal |
|---|---|---|---|---|---|---|
| Tue, 28JAN14 | UA5017 | G | STATE COLLEGE, PA (SCE) **1:38 PM** | WASHINGTON, DC (IAD - DULLES) **2:41 PM** | Q200 | |

Flight operated by COMMUTAIR doing business as UNITED EXPRESS with turboprop equipment.

| Tue, 28JAN14 | UA3752 | G | WASHINGTON, DC (IAD - DULLES) **6:55 PM** | MIAMI, FL (MIA) **9:36 PM** | CRJ-700 | Purchase |

Flight operated by MESA AIRLINES doing business as UNITED EXPRESS.

| Tue, 01APR14 | UA242 | K | MIAMI, FL (MIA) **1:20 PM** | WASHINGTON, DC (IAD - DULLES) **3:56 PM** | A-320 | Purchase |

| Tue, 01APR14 | UA5018 | K | WASHINGTON, DC (IAD - DULLES) **6:20 PM** | STATE COLLEGE, PA (SCE) **7:28 PM** | Q200 | |

Flight operated by COMMUTAIR doing business as UNITED EXPRESS with turboprop equipment.

**FARE INFORMATION**

**Fare Breakdown**

| | | |
|---|---|---|
| Airfare: | 363.00USD | **Form of Payment:** |
| U.S. Federal Transportation Tax: | 27.23 | VISA |
| U.S. Flight Segment Tax: | 8.00 | Last Four Digits 6065 |
| September 11th Security Fee: | 5.00 | |
| U.S. Passenger Facility Charge: | 4.50 | |
| Per Person Total: | 465.00USD | |

**eTicket Total:**      **407.73USD**

The airfare you paid on this itinerary totals: 363.00 USD

**The taxes, fees, and surcharges paid total: 44.73 USD**

Fare Rules:      Additional charges may apply for changes in addition to any fare rules listed.

NONREF/0VALUEAFTDPT/CHGFEE
Cancel reservations before the scheduled departure time or TICKET HAS NO VALUE.

**Baggage allowance and charges for this itinerary.**

**Baggage fees are per traveler**

| Origin and destination for checked baggage | 1st bag | 2nd bag | Max wt / dim per piece |
|---|---|---|---|

## Exhibit "D"

**JAMS FEE AGREEMENT & CANCELLATION POLICY**
**Please sign, date, and return to Lisa Balkin by email at LBalkin@jamsadr.com or by fax at 305-371-5288.**

**Case Name: Ghaffari, Anthony vs. Collins Tower Association**
**Ref. #: 1460001181**

**1.      Professional Fees**

Professional services for this matter, including but not limited to reading and other preparation time, the session time, extra session time, and any additional services or work, will be billed at the neutral's normal rate. Fees for unused scheduled time will not be refunded. The professional fees for Hon. Ted E. Bandstra (Ret.) are $500 per hour. *250*

**2.      Additional Fees**

*A.*      Case Management Fees:  Each party will be charged an initial non-refundable Case Management Fee of $175. The Case Management Fee is assessed upon signing the fee agreement. Please see attached Fee Schedule for policy on reassessment.

*B.*      Expenses are billed at cost.

*C.*      Travel:  If travel is required and is not included in the neutral's rate, travel time is billed at the neutral's hourly rate.  Travel expenses are billed at cost.

*D.*      Reading and Research Fees:  Parties will be billed according to the neutral's fee schedule for reading and research time.

**3.      Cancellation and Rescheduling Policy**

According to the JAMS Fee Schedule, fees for hearing sessions are non-refundable if a session is cancelled or rescheduled less than 7 days before the session date, unless the neutral's time is rescheduled with another matter. Cancellation and rescheduling fees will be paid by the canceling party(ies).  Case Management Fees are non-refundable.

**4.      Payment**

*A.*      The parties agree to divide the professional fees and additional fees as follows:
50% to ANTHONY GHAFFARI and 50% to ABRAMS & ABRAMS, P.A. and as set forth in the neutral's Fee Schedule.

*B.*      Each party agrees to pay its share of the estimated fees and expenses to be received by JAMS at least 7 calendar days prior to the session and according to applicable deadlines. Unless it otherwise agrees, JAMS is not bound by agreements between or among the parties with respect to its fees.

By the signatures below, each participant, either directly or through counsel, hereby certifies that s/he has read this entire Agreement and agrees with all matters stated herein.  This Agreement may be signed in counterparts.

Signed: _____          Signed: _____

Print Name: *ANTHONY GHAFFARI*          Print Name: _____

For: _____*SELF*_____          For: _____

Dated: _____*JANUARY  16, 2014*_____          Dated: _____

# Exhibit "E"

Case 1:13-cv-21037-CMM   Document 84   Entered on FLSD Docket 05/19/2014   Page 23 of 25

- Manage My PACER Account
- | Manage My Appellate Filer Account
- | Case Search Sign In



# Billing History

**Summary Transaction Report by Date**
**Florida Southern District Court**
**from 04/01/2013 to 04/16/2014**

Wed Apr 16 19:20:42 2014
**ag4534 - Anthony Ghaffari**

| Date | Pages | Audio |
|------|-------|-------|
| 10/03/2013 | 4 | 0 |
| 10/04/2013 | 2 | 0 |
| 10/07/2013 | 2 | 0 |
| 10/08/2013 | 5 | 0 |
| 10/09/2013 | 1 | 0 |
| 10/11/2013 | 3 | 0 |
| 10/16/2013 | 1 | 0 |
| 10/21/2013 | 1 | 0 |
| 10/25/2013 | 4 | 0 |
| 10/29/2013 | 3 | 0 |
| 11/05/2013 | 2 | 0 |
| 11/07/2013 | 6 | 0 |
| 11/12/2013 | 2 | 0 |
| 11/13/2013 | 9 | 0 |
| 11/19/2013 | 4 | 0 |
| 11/22/2013 | 18 | 0 |
| 11/26/2013 | 2 | 0 |
| 11/27/2013 | 1 | 0 |
| 11/29/2013 | 3 | 0 |
| 11/30/2013 | 1 | 0 |
| 12/02/2013 | 6 | 0 |
| 12/03/2013 | 4 | 0 |
| 12/05/2013 | 3 | 0 |
| 12/09/2013 | 1 | 0 |
| 12/13/2013 | 1 | 0 |
| 12/18/2013 | 9 | 0 |
| 12/19/2013 | 11 | 0 |
| 12/30/2013 | 5 | 0 |
| 01/08/2014 | 2 | 0 |
| 01/09/2014 | 15 | 0 |
| 01/15/2014 | 2 | 0 |
| 01/16/2014 | 2 | 0 |
| 01/17/2014 | 4 | 0 |
| 01/18/2014 | 7 | 0 |
| 01/21/2014 | 10 | 0 |
| 01/22/2014 | 16 | 0 |
| 01/23/2014 | 36 | 0 |
| 01/24/2014 | 11 | 0 |
| 01/26/2014 | 6 | 0 |
| 01/27/2014 | 21 | 0 |
| 01/28/2014 | 10 | 0 |
| 01/29/2014 | 14 | 0 |

## Exhibit "F"

| Date | Pages | Audio |
|------|------:|------:|
| 01/30/2014 | 48 | 0 |
| 01/31/2014 | 7 | 0 |
| 02/03/2014 | 3 | 0 |
| 02/05/2014 | 8 | 0 |
| 02/06/2014 | 2 | 0 |
| 02/07/2014 | 11 | 0 |
| 02/10/2014 | 4 | 0 |
| 02/11/2014 | 5 | 0 |
| 02/12/2014 | 7 | 0 |
| 02/13/2014 | 2 | 0 |
| 02/14/2014 | 7 | 0 |
| 02/15/2014 | 63 | 0 |
| 02/18/2014 | 111 | 0 |
| 02/19/2014 | 15 | 0 |
| 02/20/2014 | 2 | 0 |
| 03/03/2014 | 2 | 0 |
| 03/11/2014 | 2 | 0 |
| 03/13/2014 | 2 | 0 |
| 03/14/2014 | 2 | 0 |
| 03/15/2014 | 20 | 0 |
| 03/19/2014 | 2 | 0 |
| 03/20/2014 | 9 | 0 |
| 03/21/2014 | 8 | 0 |
| 03/24/2014 | 6 | 0 |
| 03/25/2014 | 8 | 0 |
| 03/26/2014 | 4 | 0 |
| 03/27/2014 | 10 | 0 |
| 03/28/2014 | 9 | 0 |
| 03/30/2014 | 6 | 0 |
| 03/31/2014 | 15 | 0 |
| 04/01/2014 | 16 | 0 |
| 04/02/2014 | 17 | 0 |
| 04/03/2014 | 17 | 0 |
| 04/04/2014 | 10 | 0 |
| 04/07/2014 | 25 | 0 |
| 04/08/2014 | 29 | 0 |
| 04/09/2014 | 33 | 0 |
| 04/10/2014 | 90 | 0 |
| 04/11/2014 | 48 | 0 |
| 04/14/2014 | 19 | 0 |
| 04/15/2014 | 19 | 0 |
| 04/16/2014 | 46 | 0 |
| Grand Total | 1039 | pages | $ 103.90 |
|  | 0 | audio files ($2.40 ea) | $ 0.00 |
|  |  |  | $ 103.90 |

Contact Us | Privacy | Policies and Procedures | About Us

This site is maintained by the Administrative Office of the U.S. Courts, PACER Service Center.
The purpose of this site is to provide information about locating and filing cases in U.S. federal courts.



This envelope is made from post-consumer waste. Please recycle - again.

# PRIORITY
## ★ M A I L ★

DATE OF DELIVERY SPECIFIED*

USPS TRACKING™ INCLUDED*

INSURANCE INCLUDED*

PICKUP AVAILABLE
* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

P S 0 0 0 0 1 0 0 0 0 1 4

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES
POSTAL SERVICE.

UNITED STATES
POSTAL SERVICE®   Click-N-Ship®

$5.60
US POSTAGE
Flat Rate Env

9405 5036 9930 0297 6110 18 0005 7500 0003 3129

Commercial Base Pricing
Mailed from 33137   0529000000131

PRIORITY MAIL 1-DAY™

Expected Delivery Date 05/16/2014

TONY GHAFFARI
3301 NE 5TH AVE APT 301
MIAMI FL 33137-4018

SHIP
TO   CLERK'S OFFICE
U.S. DISTRICT COURT
400 N MIAMI AVE # 8
8TH FLOOR
MIAMI FL 33128-1801

USPS TRACKING #

9405 5036 9930 0297 6110 18

Electronic Rate Approved #038555749

C075   BV

USPS INSPECTED

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.