FILED by ___ D.C

MAY 19 2014

STEVEN M. LARIMORE
CLERK U. S. DIST CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ANTHONY GHAFFARI, )
      Plaintiff, Pro Se )
vs. ) CASE NO. 13-21037-CIV-MCALILEY
)
COLLINS TOWER ASSOCIATION, et. al )
      Defendants )
_____ )

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF DAMAGES

Plaintiff, Anthony Ghaffari, Pro Se, files this memorandum of law in support of his MEMORANDUM IN SUPPORT OF DAMAGES.

### Fed. R. Civ. P. Rule 54(c)

1. During the April 23, 2014 pretrial conference [DE 80], the Court explained Fed. R. Civ. P. 54(c)'s requirement that "[a] default judgment must not differ in kind from, or *exceed in amount,* what is demanded in the pleadings."

2. A recent case provides direction for the Court on this issue. See Barron v. Patel, 2013 U.S. Dist. LEXIS 8862 (N.D. Tex., Jan. 23, 2013):

> "Although a default judgment that exceeds Rule 54(c)'s limitations can constitute a violation of due process and thus be void under Rule 60(b)(4), when defendants against whom a default judgment is being entered have notice of the hearing on relief, appear at the hearing, and can oppose the award, a judgment that exceeds Rule 54(c)'s limitations does not violate due process. *See In re Dierschke,* 975 F.2d 181, 185 (5th Cir. 1992) (holding that no due process violation occurred when default judgment included attorney's fees, which pleadings had not requested, because defendants had notice, appeared, and opposed the award). As long as the Court has a trial on damages, awarding an amount over what was sought in the pleading is warranted."

**Emotional Distress**

3.  The Plaintiff is seeking an unspecified amount that the Court may deem appropriate for emotional distress.

4.  The following few cases indicate a preponderance of legal basis of granting damages for emotional distress as part of a claim for actual damages under the FDCPA.

5.  In the Eleventh Circuit, for instance in <u>Akouri v. State of Florida Dept. of Transp</u>. 408 F.3d 1338 (11th Cir. 2005) The Court opinion stated:

> "The standard of review for compensatory damages awards for intangible, emotional harm is "deferential to the fact finder because the harm is subjective and evaluating it depends considerably on the demeanor of the witnesses." *Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 476 (11th Cir.1999). "Once a defendant is found liable for the plaintiff's injury, the District Court has a great deal of discretion in deciding the level of damages to be *1345 awarded." *Id.* (citing *Stallworth v. Shuler,* 777 F.2d 1431, 1435 (11th Cir.1985)). "

> "In case of emotional distress resulting from a constitutional violation, we are guided by the Supreme Court's decision in *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), which concluded that compensatory damages for emotional distress may not be presumed from every constitutional violation, but must be proven by competent, sufficient evidence. *Carey* observed that such damages are "customarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff." *Id.* at 263-64, 98 S.Ct. 1042. The principles pronounced in *Carey* were applied under similar circumstances by our sister circuit in *Price v. City of Charlotte,* 93 F.3d 1241 (4th Cir.1996).[5] We agree with *Price* in concluding that although a plaintiff's testimony, standing alone, can support an award of compensatory damages for emotional distress based on a constitutional violation, "the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated; neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a constitutional violation occurred supports an award for compensatory damages." *Id.* at 1254.

6.  In *Llewellyn v. Allstate Home Loans, Inc.,* — F.3d —, 2013 WL 1238615 (10th Cir. Mar. 28, 2013), the plaintiff filed suit against a loan servicing company and law firm

alleging violations of the FDCPA, FCRA, and state law. The district court granted the defendants' motion for summary judgment, and the plaintiff appealed. Turning to the plaintiff's claim that he suffered emotional damages as a result of the defendant loan servicing company's credit reporting, the court determined that the plaintiff described his injury with reasonable detail and reasonably attributed his declining health to the defendant's credit reporting. Additionally, the court dismissed the defendant's argument that plaintiff was required to corroborate his testimony regarding his injury.

7. The Seventh Circuit has stated that Plaintiff's testimony is sufficient in some circumstances as long as the testimony contains enough specificity. In an FCRA case, the Seventh Circuit held that when "the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail, he cannot rely on mere conclusory statements." *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004). The Seventh Circuit has also stated, "Where, as here, the plaintiff's own testimony is his only evidence of emotional damages, 'he must explain the circumstances of his injury in reasonable detail" and not rely on conclusory statements, unless the "facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action.'" *Wantz v. Experian Information Solutions* 386 F.3d 829, 834 (7th Cir. 2004)(quoting *Denius v. Dunlap,* 330 F.3d 919, 929 (7th Cir.2003). See also, *Ruffin-Thompkins v. Experian Information Solutions, Inc.* 422 F.3d 603, 609 -610 (7th Cir. 2005).

8. The Eastern District of Pennsylvania rejected the requirement that the elements of IIED be proven and in fact stated that "violations of the FDCPA, by their very nature, . . .

are those kinds of actions which may be expected to cause emotional distress and, therefore, the availability of damages for such distress is of paramount importance." *Crossley v. Lieberman* 90 B.R. 682, 691 -692 (E.D.Pa.,1988).

                                                          Respectfully Submitted,

Date:_____                      Anthony Ghaffari
                                                         _____
                                                         Plaintiff, Pro Se
                                                         1317 Sandpiper Drive, State College, PA 16801
                                                         814-571-4042
                                                          aghaffari@aol.com

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing notice was served by United States Postal Service, First Class Mail on May 15, 2014 on all parties of record on the Service List below.

_____
Plaintiff, Pro Se
1317 Sandpiper Drive, State College, PA 16801
814-571-4042
aghaffari@aol.com

## SERVICE LIST

**DAVID ABRAMS, ESQ.**
9300 SW 87 Avenue, Suite 5
Miami, FL 33176

This envelope is made from post-consumer waste. Please recycle - again.

# PRIORITY® ★ MAIL ★

- DATE OF DELIVERY SPECIFIED*
- USPS TRACKING™ INCLUDED*
- INSURANCE INCLUDED*
- PICKUP AVAILABLE

* Domestic only

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

UNITED STATES POSTAL SERVICE Click-N-Ship®

P

usps.com 9405 5036 9930 0297 6110 18 0050 5001 0103 3126
$5.05
US POSTAGE
Flat Rate Env

Commercial Base Pricing
05/15/14 Mailed from 33137 062S0000001311

PRIORITY MAIL 1-DAY™

TONY GHAFFARI
3301 NE 5TH AVE APT 301
MIAMI FL 33137-4019

Expected Delivery Date: 05/16/2014

0006 USMS INSPECTED

C075 By

SHIP TO:
CLERK'S OFFICE
U.S. DISTRICT COURT
400 N MIAMI AVE # 8
8TH FLOOR
MIAMI FL 33128-1801

USPS TRACKING #

9405 5036 9930 0297 6110 18

Electronic Rate Approved #038555749

PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

