UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-cv-21037-MCALILEY
(CONSENT CASE)

ANTHONY GHAFFARI,

    Plaintiff,

v.

COLLINS TOWER ASSOCIATION, et al.,

    Defendants.
_____/

## INITIAL ORDER ON DAMAGES AND NOTICE OF STATUS CONFERENCE

The Court previously entered a Default Judgment on Liability against Defendant David Abrams and reserved ruling on the issue of damages. [DE 99]. Plaintiff Anthony Ghaffari filed his Memoranda in Support of Damages, along with numerous exhibits and declarations, to which Abrams filed a Response and Ghaffari a Reply. [DE 84-93, 101, 103].[1]

In his filings Ghaffari asks to recover statutory damages, actual damages and costs. [DE 84]. The Court has resolved the question of costs Ghaffari may recover in its Order entered on September 24, 2015. [DE 108]. The Court now turns to the question of statutory and actual damages. For the reasons explained below, the Court (1) resolves the issue of

---

[1] Ghaffari also filed a Motion and Amended Motion for Costs, in which he specifically addressed the costs he wished to recover. [DE 104, 106].

statutory damages, finding that Ghaffari may recover $750.00 in statutory damages, and (2) directs that the amount of actual damages will be addressed at an evidentiary hearing.

As a preliminary matter, because Ghaffari was awarded a default judgment against Abrams, his damages are limited to those sought in the Complaint. This is mandated by the Federal Rules of Civil Procedure: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In his Complaint Ghaffari asks to recover actual damages of $2,000.00, compensatory damages of $4,500.00 and statutory damages "not to exceed $1,000.00." [DE 1, p. 16]. As noted below, the Fair Debt Collection Practices Act ("FDCPA") allows a prevailing plaintiff to recover actual damages, along with up to $1,000 in statutory damages. Compensatory damages are a form of actual damages, and the Court thus recognizes that the Complaint asks to recover $6,500.00 in actual damages.

In his Memoranda however, Ghaffari asks to recover damages greater than what he claimed in his Complaint. Specifically, he asks for an award of $19,340.31 in actual damages, plus an unspecified amount for emotional distress, and $6,000.00 in statutory damages. [DE 84, pp. 3-8]. As noted, the law limits Ghaffari to the type and amount of damages demanded in the Complaint. Thus, his actual damages cannot exceed $6,500. Nor can Ghaffari recover $6,000.00 in statutory damages. Rather, he is limited to no more than $1,000 in statutory damages because "[s]tatutory damages are limited to a maximum of $1,000.00 per action, not per violation." *Lane v. Accredited Collection Agency, Inc.*, No.

2

6:13-cv-530-Orl, 2014 WL 1685677, *1, *7 (M.D. Fla. April 28, 2014) (citing *Harper v. Better Bus. Servs., Inc.,*, 961 F.2d 1561, 1563 (11th Cir. 1992)). With this in mind, I consider the proper amount of damages to be awarded.

I. Statutory Damages

The FDCPA allows for statutory damages as follows: "any debt collector who fails to comply with [the FDCPA] ... is liable [for] ... such additional damages as the court may allow, but not exceeding $1,000 ...." 15 U.S.C. § 1692k (a)(2)(A). The FDCPA provides that when determining an amount of statutory damages courts must consider relevant factors, in particular: (i) the frequency and persistence of the debt collector's noncompliance, (ii) the nature of the noncompliance and (iii) extent to which the noncompliance was intentional. *Lane*, 2014 WL 1685677 at *7 (citing 15 U.S.C. § 1692k (b)(1)).

The Default Judgement on Liability sets forth in detail Abrams' conduct, alleged in the Complaint that violated the FDCPA. On this record, an evidentiary hearing on the issue of statutory damages is unnecessary because "all the essential evidence to determine damages is on the paper record ...." *Suntrust Bank v. Ramsden*, No. 11-80429-CIV, 2011 WL 5508817, *1 (S.D. Fla. Nov. 8, 2011).

In its Default Judgment on Liability, the Court found that Abrams violated the FDCPA when he sent Ghaffari his March 6, 2013 letter. That letter suggested that Abrams was attempting to collect back taxes due for Ghaffari's condominium unit, which Abrams did not have authority to collect. The letter threatened to place a lien on Ghaffari's property,

3

evidently for nonpayment of back taxes and/or association dues. With the letter Abrams also unjustifiably returned to Ghaffari two checks Ghaffari tendered in February 2013 for payment of the Association's fees. [DE 99, p. 22]. Abrams' conduct violated the FDCPA because Abrams falsely represented the legal status of the alleged debt, threatened to take legal action that he could not legally take, and falsely represented the character and amount of the alleged debt. [DE 99, pp. 25-27].

Given that Abram's unlawful conduct was confined to his sending this letter, a singular event, "the frequency and persistence" of Abrams' conduct, the first statutory factor, does not weigh strongly in favor of an award of statutory damages. The other factors, however, do support such an award. As for Abrams' intent, there is no dispute that Abrams deliberately sent Ghaffari the March 6, 2013 letter and wrongfully returned to Ghaffari checks he timely tendered in payment of Association fees. Abrams is an attorney, and he surely knew, or certainly should have known, that his statements and conduct did not have a valid legal basis. Abrams' threat to file a Claim of Lien was particularly egregious given: (1) Abrams' refusal to accept Ghaffari's payment of Association fees and (2) the fact that he had no authority to collect the back taxes referenced in his letter. When Abrams notified Ghaffari that the Association, wrongfully, would not accept his money, Abrams effectively prevented Ghaffari from curing his alleged debt to the Association. Abrams also failed to identify the amount of Ghaffari's alleged debt, further hampering Ghaffari's ability to take corrective action.

On balance, I believe these circumstances support an award to Ghaffari of statutory damages in the amount of $750.00.

II.     Actual Damages

The FDCPA states that "… any debt collector who fails to comply with [the FDCPA] … with respect to any person is liable to such person in an amount equal to the sum of … any actual damage sustained by such person as a result of such failure …." 15 U.S.C. § 1692k (a)(1). Ghaffari asks to recover the following as actual damages: (i) $627.32 in late fees for homeowners' association dues; (ii) $7,783.59 consisting of homeowners' association dues, an elevator assessment and a special assessment; (iii) $3,200.00 in attorneys' fees that defendant Collins Tower Association paid Abrams for prosecuting a state foreclosure action against Ghaffari, (iv) $13,614.00 in lost wages and lost revenues; and (v) an unspecified amount of damages for emotional distress. [DE 84, pp. 3-5]. Ghaffari must prove his actual damages by a preponderance of the evidence.

With respect to attorneys' fees, it is clear that these fees are not a result of Abrams' March 6th letter. Ghaffari states that *the Association* incurred the attorneys' fees during a separate state court foreclosure action the Association filed against him. [DE 84, pp. 3-4]. According to Ghaffari, he agreed to pay the Association's attorneys' fees as part of his settlement with the other Defendants, which resulted in the Association dismissing the foreclosure action and removing the lien on his property. [*Id.*] Ghaffari's own statements demonstrate that his compensation to the Association for its attorneys' fees was not directly

5

caused by Abrams' letter. The Court thus finds that Ghaffari has not shown by a preponderance of the evidence that he is entitled to recover as damages the amount of attorneys' fees the Association incurred in the foreclosure action, and that request for damages is denied.

As for the remaining categories of actual damages, Ghaffari has submitted several affidavits in support of his claim. "Affidavits based on personal knowledge can be sufficient to establish damages." *Evans v. Jumbo Seafood Wholesale, Inc.*, No. 13-61197-CIV, 2014 WL 794314, *1, *2 (S.D. Fla. Feb. 27, 2014). Ghaffari's affidavits, however, do not make clear whether the damages claimed are "a result of" Abrams' failure to comply with the FDCPA, *see* 15 U.S.C. § 1692(a)(1), as opposed to damages that resulted from the actions of the other defendants, or the burdens associated with litigating this action and a related state court foreclosure lawsuit.

The current record is inadequate to prove Ghaffari's entitlement to actual damages. However, the Court will give Ghaffari an opportunity to supplement his proof with revised affidavits, live testimony or other evidence, at an evidentiary hearing. The purpose of the evidentiary hearing is to determine whether Ghaffari has suffered any actual damages as a result of Abrams sending the March 6, 2013 letter and, if so, the amount of those damages. The date and time of this evidentiary hearing will be set by separate order.

Because Ghaffari is unrepresented by counsel, the Court offers guidance regarding some of the uncertainties associated with Ghaffari's affidavits he has filed in support of his various categories of claimed actual damages:

A.  <u>Late fees totaling $627.32</u>: To be recoverable, Ghaffari must show that they are "the result of" Abram's sending the March 6, 2013 letter. For example, were the late fees charged because Abrams returned Ghaffari's two payments of homeowners' association fees as referenced in Abrams' March 6th letter? Has Ghaffari actually paid these late fees? If so, he should provide proof of payment.

B.  <u>Homeowner's association dues, elevator assessment and special assessment totaling $7,783.59</u>: As an initial matter, Ghaffari would have to put forward proof of the actual amounts attributed to association dues, the elevator assessment and the special assessment. And, to recover any of those sums, Ghaffari must establish that they were "a result of" Abrams' March 6th letter. Ghaffari should also clarify whether he has paid all of these charges and if so, provide proof of payment.

C.  <u>Lost wages and lost revenue totaling $13,614.00</u>: Again, on the present record it is not clear whether Ghaffari incurred these damages or any portion thereof "as a result of" Abrams sending the March 6th letter, or whether these losses were incurred because of Ghaffari's participation in this litigation or the foreclosure lawsuit, or due to the conduct of the other Defendants.

7

D.    <u>Damages for emotional distress</u>: The present record does not adequately establish the emotional distress Ghaffari suffered was "as a result of" Abrams sending the March 6th letter, as opposed to emotional distress caused by Ghaffari's participation in this litigation or the foreclosure lawsuit, or the conduct of the other defendants.

The foregoing observations are offered as guidance, and are not meant as an inclusive list of the issues the parties must address at the evidentiary hearing on damages.

The Court will hold a telephonic status conference on December 4, 2015 at 11:00 a.m. EST. The parties should use the following dial information: telephone number: 1-888-684-8852; access code: 9675400 and security code: 5890. The parties should also be prepared to discuss at that conference the anticipated length of the evidentiary hearing and the evidence they intend to present. Before that status conference the parties shall speak and discuss whether they can reach agreement on some or all of the actual damages that Ghaffari seeks. At the status conference they can advise the Court of the outcome of those discussions.

DONE AND ORDERED in chambers at Miami, Florida, this 24th day of November, 2015.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
   All counsel of record

Anthony Ghaffari
1317 Sandpiper Drive
State College, PA 16801-7714