UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-cv-21037-MCALILEY
(CONSENT CASE)

ANTHONY GHAFFARI,

    Plaintiff,

v.

COLLINS TOWER ASSOCIATION, et al.,

    Defendants.
_____/

## FINAL ORDER ON DAMAGES

The Court previously entered an Initial Order on Damages, finding that Plaintiff Anthony Ghaffari is entitled to statutory damages against Defendant David Abrams under the Fair Debt Collection Practices Act in the amount of $750.00, but that an evidentiary hearing was necessary to determine the amount of Ghaffari's actual damages. [DE 109]. That hearing took place on January 22, 2016, at which both Ghaffari and Abrams presented evidence and argument.

Ghaffari must prove his actual damages by a preponderance of the evidence. For the reasons explained in my Initial Order, the amount of actual damages awarded cannot exceed $6,500.00, which is the amount that Ghaffari demanded in his Complaint. [DE 109, p. 2]. I find that Ghaffari met his burden of proof for two categories of actual damages he sought: (1) late fees and interest and (2) emotional distress.

As for late fees and interest, Ghaffari introduced evidence that established that prior to Abrams' March 6, 2013 letter (the "Letter"),[1] the Collins Tower Association accepted Ghaffari's monthly payments for maintenance dues and elevator assessments. However, as a result of Abrams' refusal in the Letter to accept Ghaffari's monthly payments, Ghaffari was unable to make regular payments of maintenance dues and elevator assessments from January 2013 until April 2014, when he reached a settlement with the other defendants in this lawsuit. Late fees and interest on those monthly payments accrued in the total amount of $1,410.91, which Ghaffari paid to the Association in May 2014. [Pl. Ex. 10]. I find that these late fees and accrued interest were a result of Abrams' violation of the FDCPA, and Ghaffari is therefore entitled to recover $1,410.91 of actual damages.

I also find that Ghaffari is entitled to damages for emotional distress. Actual damages under the FDCPA include damages for emotional distress. *See Minnifield v. Johnson & Freedman, LLC*, 448 Fed. Appx. 914, 916 (11th Cir. 2011). A plaintiff must establish that the emotional distress had a "severe impact" upon him, which may be shown through evidence of "medically significant physical symptoms of the underlying mental anguish, or a combination of genuine fear, humiliation and anxiety." *Alecca v. AMG Managing Partners, LLC*, No. 3:13-cv-163-J-39PDB, 2014 WL 2987702, *1, * 2 (M.D. Fla. July 2, 2014) (citations omitted). I find that Ghaffari met this standard.

---

[1] The Court previously found that Abrams' conduct in sending this Letter violated the FDCPA. [DE 99, pp. 22-27].

Ghaffari testified credibly that the Letter caused him great stress and anxiety, and that shortly after he received it, Ghaffari suffered significant upper back pain, stomach upset and insomnia for which sought medical treatment. Ghaffari's doctor determined that these symptoms were the result of stress and prescribed him various medications. Despite treatment, Ghaffari's symptoms persisted for months. Abrams introduced evidence that other events were occurring in Ghaffari's life at or around the time of the Letter which were a likely contributing source of Ghaffari's stress and associated physical symptoms. On this record, I find that Ghaffari suffered emotional distress of a kind and degree as a result of Abrams' Letter that supports an award of actual damages in the amount of $3,000.00.

In sum, the Court awards Plaintiff Anthony Ghaffari the sum of $4,410.91 in actual damages and $750.00 in statutory damages, for total damages of **$5,160.91**, against Defendant David Abrams. A final judgment consistent with this Order will be entered on this date.

DONE AND ORDERED in chambers at Miami, Florida, this 27th day of January, 2016.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:  counsel of record

    Anthony Ghaffari
    1317 Sandpiper Drive
    State College, PA 16801-7714